**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDWARD O'NEAL BOWEN, #250401,**

    Petitioner,

                                  Civil No: 07-CV-11201
                                  Honorable Victoria A. Roberts
                                  Magistrate Judge Steven D. Pepe

v.

**KURT JONES, et. al.,**

    Respondent.
_____

**OPINION & ORDER DENYING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was initially charged with assault with intent to commit murder and armed robbery. Petitioner pled no contest to assault with intent to commit murder in exchange for the dismissal of the armed robbery charge and a sentence agreement of five years' probation with the first year being spent in jail. However, following a probation violation, Petitioner was sentenced to twenty-two to thirty-five years' imprisonment. Petitioner raises the following issues for habeas review: (1) whether Petitioner was denied effective assistance of trial counsel; and (2) whether Petitioner's parole revocation was proper.

Respondent filed a summary judgment motion asserting that Petitioner's claims should be dismissed as his habeas petition was filed beyond the statutory period of limitations. Petitioner filed a responsive pleading raising the doctrine of equitable tolling as a basis for the viability of his habeas

claims. For the reasons set forth below, the Court will deny Respondent's motion for summary judgment.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

## III. Discussion

### A. Statutory Period of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. See *Holloway v. Jones,* 166 F.Supp.2d 1185,

1187 (E.D. Mich. 2001). In addition, the time during which a prisoner seeks state court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. §2244(d)(2).

### B. Timing of Petitioner's Filings

In this case, the filing chronology relative to Petitioner's habeas petition is as follows:

- Petitioner was convicted on November 21, 1996.

- Petitioner filed an appeal of right with the Michigan Court of Appeals which was denied. *People v. Bowen,* No: 200493 (Mich. App. Ct. April 10, 1998).

- Petitioner filed an application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Bowen,* No. 112324, 459 Mich. 937; 615 NW2d 734 (Table) (Mich. Sup. Ct. Dec. 30, 1998).

- Petitioner filed a petition for writ of habeas corpus on March 16, 1999 with the United District Court for the Eastern District of Michigan, however, the petition was signed on March 10, 1999.

- On November 17, 1999 Petitioner was denied habeas relief. *Bowen v. Garraghty,* No. 99-CV-60160 (E.D. Mich. Nov. 17, 1999) (Hackett, J).

- On December 27, 1999, Petitioner's motion for certificate of appealability was denied in the federal district court.

- Petitioner filed an appeal with the Sixth Circuit Court of Appeals on January 14, 2000.

- On March 31, 2000, the Sixth Circuit denied Petitioner's application for a certificate of appealability.

- On May 31, 2000, the Sixth Circuit dismissed Petitioner's case.

- On June 8, 2000, Petitioner filed a motion for relief from judgment with the trial court.

- The trial court denied Petitioner's relief from judgment motion on October 25, 2002.

- Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied. *People v. Bowen,* No: 245190 (Mich. App. Ct. May 5, 2003).

- Petitioner filed an application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Bowen,* No. 124112, 469 Mich. 951; 671 NW2d 47 (Table) (Mich. Sup. Ct. Oct. 31, 2003).

- Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

- Petitioner filed an application for writ of habeas corpus with the United District Court for the Western District of Michigan on February 17, 2004, however, the petition was signed on February 9, 2004.

- The case was transferred to the Sixth Circuit as a second or successive petition on March 2, 2004; and the Sixth Circuit transferred the case back to The Western District Court. *In re Bowen,* 436 F.3d 699 (6th Cir. 2006).

- On February 16, 2006, the Western District Court entered a second order transferring the petition to the Sixth Circuit as a second or successive petition.

- On August 4, 2006 the Sixth Circuit ruled that a transfer was not necessary as the application for a writ of habeas was not a second or successive petition; and the case was transferred back to the Western District Court. *In re: Edward O'Neal Bowen,* No. 06-1248 (6th Cir. Aug. 4, 2006).

- After Petitioner filed a motion on January 9, 2007 to transfer this case to the Eastern District Court, the motion was granted and an order was entered transferring the case.

- On March 15, 2007, the petition was transferred to this Court.

The Court has reviewed the time line and finds that Petitioner has filed his habeas petition out of time. Petitioner timely filed his first habeas petition on March 10, 1999. However, as his habeas petition remained pending during the state appeals and transfers through the federal court system, the statute of limitations continued to run. *See Duncan v. Walker,* 533 U.S. 167, 172 (2001). Petitioner does not dispute that the statute of limitations has run, however, he argues that to the extent he has filed this habeas petition beyond the one-year statute of limitations, the Court should apply the equitable tolling doctrine so that this matter may be resolved on the merits.

Respondent does not address the equitable tolling issue, nor does it include in its chronology of events any of the time Petitioner spent in federal district court and the Sixth Circuit litigating this matter.

**C. Equitable Tolling**

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* Case law further provides that some extraordinary circumstance which stands in the way of a petitioner's failure to comply with the time requirements in addition to pursuing his rights diligently must be shown in order to support equitable tolling. *Lawrence v. Florida,* ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007); *see also*, *Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). "The petitioner

bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner claims that the statute of limitations period should be equitably tolled because he has been diligently pursuing his rights in this matter. He argues that his diligence is apparent from his sequential court filings in the trial court, the state appellate courts, the federal district courts and the federal court of appeals. Petitioner also maintains that due to the confusion in the law regarding numerically second habeas petitions being filed in district courts within the Sixth Circuit during the window of time between decisions rendered in *Austin v. Mitchell,* 200 F.3d 391 (6th Cir. 1999) and *Cowherd v. Million,* 380 F.3d 909 (6th Cir. 2004) (*Austin* was overruled by *Cowherd*), the result was Petitioner's case being transferred between the Western District Court and the Sixth Circuit on March 2, 2004 and again on February 16, 2006. Petitioner asserts that this confusion in the law presented an extraordinary circumstance which stood in the way of Petitioner filing his current habeas petition in a timely manner.[1]

The Court agrees that Petitioner has been diligent in the litigation of his case. The chronology time line demonstrates that Petitioner has been persistent in seeking relief in this matter. Outside of two periods of time (i.e., 5/31/00 - 6/8/00 and 1/29/04 - 2/9/04), during approximately twelve years of litigation, dating from Petitioner's conviction on November 21, 1996 until March 20, 2007, when

---

[1] The Sixth Circuit stated that "[t]he district court erroneously construed [ ] language [from its *In re Bowen,* 436 F.3d 699, 706 (6th Cir. 2006) opinion . . . Therefore, our previous analysis of the issues in this case does not apply to Bowen . . . leave to file a second petition is unnecessary, we again transfer this case back to the district court." *In re: Edward O'Neal Bowen,* No. 06-1248 (6th Cir. Aug. 4, 2006).

this Court received the record from the Western District Court, this case has been pending in one of the above referenced courts.

However, the extraordinary circumstances Petitioner argues in support equitable tolling in this matter occurred after the relevant time period for purposes of a statute of limitations analysis. Petitioner filed the present habeas petition on February 9, 2004. Therefore, the Court needs to examine what transpired with this matter preceding that date. The first transfer of this case occurred on March 2, 2004; and as set forth above, subsequent transfers followed that date. Therefore, the extraordinary circumstances upon which Petitioner relies is unpersuasive. Nonetheless, the Court finds equitable tolling to be appropriate in this matter.

Regarding, the first span of time, 5/31/00 - 6/8/00, Petitioner's case was dismissed from the Sixth Circuit on May 31, 2000, and Petitioner filed a motion for relief from judgment with the trial court eight days later on June 8, 2000. The fact that Petitioner's case was still pending in the Sixth Circuit is what prevented him from filing his motion for relief from judgment sooner. A motion that was filed and drafted by a state prisoner within eight days is certainly expedient and further demonstrates Petitioner's diligence in this case.

The second span of time, 1/29/04- 2/9/04, again, Petitioner's case was pending in the Michigan Supreme Court and relief was denied on October 31, 2003. Petitioner had until January 29, 2004 to file a writ of certiorari with the United Supreme Court or file a habeas petition. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003)[2]. Petitioner used ten days in which to draft and file

---

[2] The Supreme Court's recent decision in *Lawrence v. Florida,* ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) held that the ninety-day period for seeking certiorari to the Supreme Court following state post-conviction review is included in the one-year limitations period, overruling this court's decision in *Abela v. Martin,* 309 F.3d 164, 172-73 (6th Cir. 2003).

7

a habeas petition with the Western District Court. As with the first span of time, Petitioner's case remained pending in a court of law; and he was unable to proceed any further until that case was dismissed, at which time, Petitioner filed his habeas petition ten days later.

The Court finds the situation where Petitioner's case was pending in a court of law during and after the limitations period, which in effect prevented Petitioner from pursuing his next appeal and/or course of action until the case was dismissed, constitutes an extraordinary circumstance which stood in Petitioner's way and prevented timely filing. *See Kint v. Burt*, WL 763174, *2 ,(E.D. Mich. March 9, 2007)

## IV. Conclusion

Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment [Doc. 4-1, filed March 20, 2007] is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 7, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2008.

s/Carol A. Pinegar
Deputy Clerk