UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BOWEN,

     Petitioner,       Case Number: 2:07-CV-11201

v.              HON. VICTORIA A. ROBERTS

KURT JONES,

     Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

  Petitioner Edward Bowen seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. He challenges the revocation of his probation on November 21, 1996. For the reasons stated below, the Court denies the petition.

**I.**

  Petitioner was charged in Genesee County Circuit Court with assault with intent to murder and armed robbery. On September 6, 1993, he pleaded no contest to assault with intent to murder in exchange for the dismissal of the armed robbery charge and a sentence agreement of five years' probation with the first year to be served in jail. Petitioner was sentenced on November 17, 1994 in accordance with the plea agreement.

  On February 9, 1996, a bench warrant was issued alleging that Petitioner had violated the terms of his probation by using marijuana, failing to pay $208 in restitution, and engaging in new criminal conduct. A second bench warrant issued on February 20, 1996, alleging that Petitioner violated the terms of his probation by failing to report daily. Petitioner was arraigned on the

warrants on October 25, 1996. He retained counsel on October 29, 1996.

A probation revocation hearing was conducted on October 30, 1996. Petitioner was found guilty of using marijuana, failing to report, and failing to pay restitution. On November 21, 1996, he was sentenced to twenty-two to thirty-five years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. The lack of due diligence throughout the proceedings leading to defendant's arrest and probation violation hearing, and the events surrounding the alleged probation violations, failed to accord defendant minimum due process.
>
> II. Defendant's twenty-two to thirty-five year sentence for a probation violation was disproportionate, because although within the appropriate sentencing guidelines for the underlying offense, it marked a severe departure from the original sentence of five years probation.
>
> III. Because defendant's sentence was based at least in part on considerations which violated Defendant's constitutional rights, resentencing before a different judge is required.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Bowen*, No. 200493 (Mich. Ct. App. Apr. 10, 1998).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals, and the following additional claims:

> IV. The trial court erred in finding defendant guilty of failing to report to his probation agent, and the resulting conviction is a violation of defendant's due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> V. The trial court erred in finding defendant guilty of "testing positive" for drug use, and the resulting conviction is a violation of defendant's rights to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> VI. The trial court erred in finding the defendant guilty of failing to pay restitution, thereby depriving defendant of his rights to due process and equal protection

      under the law, in violation of the Fourteenth Amendment to the United States Constitution.

VII.    Defendant was not given sufficient notice of his alleged probation violation, which deprived him of his ability to prepare a defense. The resulting conviction is a violation of defendant's right to due process, guaranteed by the Fourteenth Amendment to the United States Constitution.

The Michigan Supreme Court denied leave to appeal. *People v. Bowen*, No. 112324 (Mich. Dec. 30, 1998).

Petitioner filed a petition for habeas corpus relief, raising the following claims:

I.    Petitioner was deprived of due process of law where there was no opportunity to effectively cross-examine the urine sample used to sustain the probation violation, and where the Michigan Court of Appeals adjudicated the issue contrary to clearly established law.

II.    Petitioner was deprived of due process of law where he received no reasonably diligent notice of the elements alleged to violate his probation, and was unable to effectively marshal a defense.

III.    Petitioner was deprived of due process of law where the revocation hearing did not reasonably support the inference that a violation had occurred, and where the factual determinations were not reasonably supported by the record as a whole.

The petition was denied and the matter dismissed with prejudice. *Bowen v. Garraghty*, No. 5:99-cv-60160-BKH (E.D. Mich. Nov. 17, 1999). Petitioner filed a timely notice of appeal to the Sixth Circuit Court of Appeals. The district court denied a certificate of appealability on December 27, 1999. The Sixth Circuit also denied a certificate of appealability. *Bowen v. Garraghty*, No. 99-2422.

Petitioner then filed a motion for relief from judgment in the trial court, raising the following claims:

I.    His retained counsel at the probation revocation hearing was ineffective.

II.    The trial judge, in making his decision with respect to the probation violation

        proceeding, used Mr. Bowen's right not to testify against him.

  III.      The revocation hearing was fundamentally unfair.

  IV.      His appellate counsel was ineffective and undermined Mr. Bowen's appeal of right.

The trial court denied the motion. *People v. Bowen*, No. 91-44666-FC (Genesee County Circuit Court Oct. 28, 2002). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied on May 5, 2003. *People v. Bowen*, No. 245190 (Mich. Ct. App. May 5, 2003). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Bowen*, No. 124112 (Mich. Oct. 31, 2003).

On February 17, 2004, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Michigan, claiming, *inter alia*, ineffective assistance of counsel. The district court transferred the matter to the Sixth Circuit Court of Appeals as a second or successive petition. The Court of Appeals held that Petitioner's ineffective assistance of counsel claim was properly raised in a second habeas petition and transferred the case back to the Western District. *In re Bowen*, 436 F.3d 699 (2006). The district court, on February 16, 2006, entered a second order transferring the petition to the Sixth Circuit as a second and successive petition. The Sixth Circuit again transferred the matter back to the district court, holding that authorization to file a second petition was not necessary. *In re Bowen*, No. 06-1248 (6th Cir. Aug. 2, 2006). The Western District then appointed counsel and transferred the matter to this Court. *See* 3/15/07 Order of Transfer, No. 1:04-cv-107.

In the pending petition, Petitioner raises the following claims: (i) delay in holding revocation hearing violated due process; (ii) court improperly considered Petitioner's failure to testify in reaching decision that violations occurred; (iii) Petitioner was deprived of due process

4

of law where he was denied the effective assistance of counsel; (iv) revocation court's decision was based upon an unreasonable determination of facts in light of the evidence; (v) insufficient evidence was presented to support the conclusion that violations occurred; (vi) Petitioner was denied due process when the Michigan Court of Appeals, on collateral review, denied a motion to remand for an evidentiary hearing; and (v) ineffective assistance of appellate counsel.

## II.

28 U.S.C. § 2254(d) imposes this standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### III.

### A.

As an initial matter, Petitioner argues that Respondent's answer was filed 681 days after the responsive pleading date had passed, and, therefore, it should not be considered by this Court.

This matter was originally filed in the United States District Court for the Western District of Michigan. On August 22, 2006, the district court issued an order requiring Respondent to file an answer or other pleading within 180 days of the date of the order. Thus, Respondent was required to file a responsive pleading by February 18, 2007. Respondent filed a motion for summary judgment on February 16, 2007. Respondent complied with the original order for responsive pleading. The matter was subsequently transferred to this Court. This Court denied the motion for summary judgment. On June 12, 2008, the Court issued an order requiring an answer addressing the merits of the habeas petition be filed within twenty-one days. Respondent did file an answer within twenty-one days. Since Respondent complied with both the Western District Court's order for responsive pleading and this Court's order, Petitioner's request that Respondent's answer not be considered by the Court is denied.

**B.**

In his first habeas claim, Petitioner argues that his right to due process was violated by the eight-month delay between the issuance of the revocation warrants and the probation violation hearing. Petitioner argues that this delay deprived him of his ability to challenge the results of the positive urinalysis.

The Due Process Clause places procedural and substantive limits on the revocation of probation. *Black v. Romano*, 471 U.S. 606, 610 (1985). "Probationers have an obvious interest in retaining their conditional liberty, and the State also has an interest in assuring that revocation proceedings are based on accurate findings of fact and, where appropriate, the informed exercise of discretion." *Gagnon v. Scarpelli*, 411 U.S. 778, 785 (1973). In *Gagnon*, the Supreme Court determined that the procedures outlined in *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), for protecting due process concerns in the context of parole revocation also apply to probation revocations. *Gagnon*, 411 U.S. at 782. In *Morrissey*, the Court outlined a two-step process for preserving the minimum due process requirements for parole revocation: a preliminary hearing and a final hearing. The preliminary hearing, which must be held "promptly" after a parolee is arrested and detained, is an informal inquiry "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485. Following a preliminary hearing, the second stage is a final revocation hearing. This hearing "must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *Id.* at 488. The final revocation hearing must be held "within a reasonable time." *Lyons v. Ohio Adult Parole Authority*, No. 96-3489,

1998 WL 124039 (6th Cir. March 12, 1998). To determine whether a delay in holding a hearing is unreasonable, "the court must consider: (1) the length of the delay; (2) the reasons for the delay; (3) the alleged violator's attempts to assert the right; and (4) prejudice to the alleged violator." *Id., citing Barker v. Wingo*, 407 U.S. 514, 530 (1972).

In this case, a bench warrant was issued on February 9, 1996 alleging Petitioner had violated the terms of his probation by using marijuana, failing to pay restitution, and committing two new crimes, retail fraud and giving false information to the police. A second bench warrant was issued on February 20, 1996, alleging a probation violation by virtue of Petitioner's failure to report. A probation violation hearing was conducted on October 30, 1996, nearly nine months after the first warrant was issued. Petitioner argues that this delay prejudiced his ability to defend himself against the violation charges because, by the time he was arraigned on the warrant, the urine sample had been destroyed and Petitioner, consequently, was unable to obtain independent testing.

The Michigan Court of Appeals held that the delay between the issuance of the warrants and the date of the violation hearing "did not result from a lack of diligence, given that the delay was caused by defendant's disappearance for three months and the necessity of criminal proceedings in another county." *Bowen*, slip op. at 1-2. The state court further concluded that Petitioner was not prejudiced by the delay. *Id.*

The delay in this case was lengthy. However, Petitioner fails to show that this delay resulted from a lack of diligence by the state, particularly since he was in Ohio for three months.[1]

---

[1] While Petitioner's presence in Ohio would have violated his probation, the state court did not hold that his probation was violated on that basis because the applicable court rule required that Petitioner be advised that he could not leave the state without permission and the

*Cf. Bennett v. Bogan*, 66 F.3d 812 (6th Cir. 1995) (holding that five and one-half years delay between issuance of a federal parole violator warrant and execution of the warrant did not violate due process because the government's failure to execute the warrant with diligence was mitigated by the petitioner's failure to fulfill his own obligations by failing to report to his probation officer and failing to remind the State that he was required to serve a state sentence). The hearing was further delayed because of criminal proceedings in another jurisdiction. Petitioner has not shown that he attempted to obtain a speedier revocation hearing.

Further, Petitioner fails to show that the delay prejudiced his ability to defend against the probation violation charges. Petitioner argues that he was prejudiced because the urine sample was destroyed in the interim and he was unable to obtain independent testing. This argument is unpersuasive. First, Petitioner failed to conclusively establish any facts regarding when the urine sample was destroyed. The probation officer to whom Petitioner reported when he gave a positive urine sample, testified she had no idea when the sample was destroyed. If it was destroyed one week after it was obtained, Petitioner was not prejudiced by the nine-month delay in execution of the warrant; he does not claim that due process required execution within one week. Second, even assuming that retesting of the sample would have produced a negative result, Petitioner failed to show that any prejudice resulted with respect to the other violations for which he was found guilty. Thus, his probation would have been subject to revocation even if the results of the urine sample had been different.

Accordingly, the Court finds that the state court's conclusion, that Petitioner's rights to

---

State failed to provide evidence that the court rule had been complied with in this case. Probation Violation Hearing Transcript, 10/30/96, p. 62.

due process were not violated, was not contrary to or an unreasonable application of Supreme Court precedent.

## C.

Petitioner next argues that the trial court improperly relied on his silence in reaching a verdict, improperly shifting the burden of proof to Petitioner.

Proof beyond a reasonable doubt is not required for a probation revocation. *Wright v. Vasbinder*, 2007 WL 127908, *5 (E.D. Mich. Jan. 11, 2007), *citing Sampson v. California*, 547 U.S. 843, 848 (2006). In Michigan, the prosecution bears the burden to establish a probation violation by a preponderance of the evidence. *See People v. Ison*, 132 Mich. App. 61, 66 (1984). Petitioner argues that certain of the state court judge's comments indicated the verdict was based upon Petitioner's failure to testify, in violation of his rights under the Fifth Amendment.

The trial court denied Petitioner's motion for relief from judgment, and addressed this claim at length. The state court held that the verdict was not based upon Petitioner's decision not to testify, stating, in pertinent part:

> Defendant claims that Judge Freeman used his right not to testify against him in making the decision with respect to the probation violation revocation. A fair reading of the transcript indicates that the comments related to the fact that no evidence had been presented to contradict the testimony of the witnesses that appeared. . . . Judge Freeman cited the language from the court rule and then he said:
>
>> "That's all. It's not beyond a reasonable doubt. The Rules of Evidence don't apply except only as to privilege, which of course I can understand. The gentleman has been here as a defendant. He has a right to present evidence and cross-examine witnesses. There is no other evidence. Counsel, well-intentioned as he may be, saying, 'My client's position is this and this and this,' that's fine, but this man, the defendant, didn't testify. He produced no witnesses. He had an opportunity. He had skilled counsel. He had no reason to sit back and say, 'Well, that's not true.'"

> And then Judge Freeman reviewed the testimony and made his findings of violations, which were upheld by the Court of Appeals.
>
> When an individual is arraigned on a bench warrant the individual is advised that he has the right to contest the allegations at a formal hearing and at that formal hearing he has certain rights. He has the right to present evidence in his behalf. He has a right to question and cross-examine the witnesses at the hearing. He has the right to counsel for assistance. And all Judge Freeman was doing in his findings was stating the obvious, that arguments of counsel are not evidence and that based upon the evidence the–the State had met its burden of establishing a violation by a preponderance of the evidence. So I do not find that Judge Freeman's comments amounted to using defendant's right not to testify against him.

*Tr.* 10/24/02 at 9-11.

This well-reasoned disposition of Petitioner's claim is not contrary to, or an unreasonable application of, Supreme Court precedent. Certain of the state court judge's statements cited in the habeas petition, reviewed in isolation, might appear to support a claim that the state court judge impermissibly relied upon Petitioner's decision not to testify. However, a review of the entire transcript shows the judge responded to defense counsel's closing argument wherein defense counsel repeated statements made by Petitioner to defense counsel asserting his innocence. The trial court judge correctly pointed out that such statements were not evidence which could be used to rebut the State's case where Petitioner did not testify. The transcript shows that the holding that Petitioner violated his probation was based upon the evidence presented, not upon Petitioner's decision not to testify. Accordingly, the Court denies relief on this claim.

## D.

Petitioner argues that his attorney rendered ineffective assistance in the following respects: (i) failing to object to the daily reporting requirement; (ii) failing to request a

11

continuance or to investigate; and (iii) failing to object to trial court's reliance on Petitioner's silence in rendering a verdict.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. *Id.* at 687. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a petitioner "must show that counsel's deficient performance prejudiced the defense." *Id.* A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Supreme Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations omitted).

There can be no constitutional deficiency in counsel's failure to raise meritless issues. *See Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Hayden v. U.S.*, No. 99-20011, 2008 WL 220612, at *8 (E.D. Mich. 2008). This Court must determine whether the state court's decision

denying relief on Petitioner's ineffective assistance of counsel claims was contrary to, or an unreasonable application of, *Strickland*.

In denying Petitioner's motion for relief from judgment, the state court discussed the ineffective assistance of counsel claims at length and concluded Petitioner failed to satisfy the *Strickland* standard. The state court concluded both that counsel's performance was not deficient and that Petitioner was not prejudiced by counsel's performance. *Tr.,* 10/24/02, at 12-22.

The state court's conclusion was a reasonable application of *Strickland*. First, Petitioner argues that counsel should have challenged the requirement that Petitioner report daily to his probation officer. His probation officer testified that she changed his reporting requirement from monthly to daily after his failed drug test. Petitioner maintains that his attorney should have challenged this requirement as too onerous and impossible to fulfill.

Petitioner fails to provide support for his claim that this reporting requirement, imposed after a failed drug test, was so onerous as to be unconstitutional; he has not shown that counsel was ineffective in failing to raise this objection.

Second, Petitioner argues that counsel was ineffective in failing to sufficiently investigate the charge that Petitioner failed to comply with the restitution requirement. Counsel elicited testimony at the revocation hearing showing that Petitioner contacted his probation officer to find out where he should send restitution, and requesting an extension of time to pay restitution. Petitioner argues that, given this testimony, counsel should have sought a copy of the money order or other documentary evidence or witnesses which could have supported an argument that Petitioner attempted to pay the restitution amount. According to Petitioner's argument, efforts

13

were apparently made to comply with the restitution requirement, but the restitution was, for some unexplained reason, never received or credited.  If Petitioner had, in fact, attempted to pay his restitution -- perhaps by obtaining a money order or by enlisting someone else to arrange for payment -- Petitioner would be in the best position to share that information and documentation with his attorney.  Petitioner provides no evidence to support a finding that he shared or attempted to share this information with his attorney.  Petitioner's conclusory allegation that his attorney should have performed further investigation, without more, is insufficient to support a finding that counsel was ineffective or that he was prejudiced by counsel's performance, particularly where the information counsel purportedly should have investigated, would have been known to Petitioner.

Petitioner also argues that his attorney was ineffective in failing to request a continuance to investigate and to familiarize himself with Petitioner's case.  Petitioner's argument that further investigation should have been undertaken is conclusory.  Conclusory allegations of ineffective assistance of counsel, without evidentiary support, do not provide a basis for habeas relief.  *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007).  *See also United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989) ( "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it could have affected the outcome of the trial.").  Likewise, a habeas petitioner's conclusory allegation that his attorney failed to adequately present a defense, without specifying what more his attorney could have done to strengthen his defense, is insufficient to establish ineffective assistance of counsel.  *Campbell v. Grayson*, 207 F. Supp. 2d 589, 598 (E.D. Mich. 2002).  As discussed above, information regarding Petitioner's attempts to pay restitution would have been

14

known to Petitioner and, consequently, immediately communicable to counsel. Given Petitioner's argument that the urine sample was destroyed prior to the time he hired counsel, it would not have been available for further testing. Moreover, Petitioner presents no support for an argument that an expert could have been located to review the urine test results and provide any helpful testimony. Thus, while counsel's time for preparation was short, Petitioner failed to show with any degree of specificity, what may have been gained from a continuance. Therefore, Petitioner failed to show that he was prejudiced by his attorney's failure to request a continuance. Finally, Petitioner argues that counsel was ineffective for failing to object to the state court's reliance on his decision not to testify in rendering its verdict. As discussed above, a review of the transcript shows that the state court did not rely on Petitioner's failure to testify in finding a probation violation. Therefore, counsel was not ineffective in failing to raise a meritless objection.

### E.

Petitioner argues that the court's decision to revoke his probation was based upon an unreasonable determination of the facts in light of the evidence and that sufficient evidence was not presented to sustain the conviction.

"A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the fact-finder, not a federal habeas court, to resolve evidentiary conflicts. *See Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Petitioner has not shown that any of the factual

15

determinations reached by the state court were unreasonable determinations in light of the evidence presented.

While the Supreme Court has not specifically held that due process requires sufficient evidence to support the revocation of probation, it has suggested as much. *See Black v. Romano*, 471 U.S. 606, 615-616 (1985) ("The decision to revoke Romano's probation satisfied the requirements of due process. In conformance with *Gagnon* and *Morrissey*, the State afforded respondent a final revocation hearing. The courts below concluded, and we agree, that there was sufficient evidence to support the state court's finding that Romano had violated the conditions of his probation."). However, the trial rights of a jury and proof beyond a reasonable doubt do not apply to probation revocation proceedings. *See United States v. Knights*, 534 U.S. 112, 120 (2001). In Michigan, the prosecutor bears the burden of establishing a probation violation by a preponderance of the evidence and the rules of evidence, other than those concerning privileges, do not apply. *People v. Ison*, 132 Mich. App. 61, 66 (1984); Mich. Ct. R. 6.445(E)(1). Evidence is considered sufficient to sustain a conviction for a probation violation if the evidence, when viewed in a light most favorable to the prosecution, would enable a rational trier of fact to conclude that the essential elements of the charge had been proven by a preponderance of the evidence. *Id.* at 66.

In this case, Petitioner's probation officer testified that a urine screen tested positive for marijuana, that Petitioner failed to satisfy his reporting requirements and that restitution payment was not received. While Petitioner, through counsel, denied marijuana use and argued that he attempted to make a restitution payment, no evidence supported this argument. Based upon the foregoing, the revocation court concluded that Petitioner violated his probation for each of these

16

three actions or inactions.

The preponderance of evidence standard is a much lower standard than proof beyond a reasonable doubt. "[T]he burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [the trier of fact] may find in favor of the party who has the burden of persuading the [trier of fact] of the fact's existence." *In re Winship*, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring). Upon review of the state court record, the Court concludes that the state court's decision was not based upon an unreasonable factual determination in light of the evidence presented in the state court proceedings, nor was the state court's decision contrary to, or an unreasonable application of, clearly established federal law. Habeas relief is denied on this claim.

## F.

Petitioner next argues that he was denied due process when the Michigan Court of Appeals denied his request to remand his appeal from the denial of his motion for relief from judgment to the trial court for an evidentiary hearing.

A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Any error by the Michigan courts in the application of Michigan's post-conviction review is an error of state law that would not be cognizable in federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 406-407 (6th Cir. 2000).

**G.**

Petitioner also claims that his appellate attorney was ineffective in failing to raise claims raised in his motion for relief from judgment and the pending habeas petition on direct appeal. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). None of the claims Petitioner argues his appellate attorney should have raised on appeal has been shown to have merit. Therefore, Petitioner cannot show that counsel was ineffective for failing to raise these issues on appeal.

**IV.**

The petition for a writ of habeas corpus is **DENIED** in its entirety and the matter is **DISMISSED WITH PREJUDICE**.

    **IT IS ORDERED.**

                              s/Victoria A. Roberts
                              Victoria A. Roberts
                              United States District Judge

Dated: October 30, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 30, 2009.
>
> s/Linda Vertriest
> Deputy Clerk