**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWARD BOWEN,

        Petitioner,               Case Number: 2:07-CV-11201

v.                                       HON. VICTORIA A. ROBERTS

KURT JONES,

        Respondent.
_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

        Petitioner Edward Bowen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his probation on November 21, 1996. On October 30, 2009, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner filed a Notice of Appeal. On December 21, 2009, the Sixth Circuit Court of Appeals remanded the matter to this Court for the sole purpose of determining whether a certificate of appealability should be issued.

        Before Petitioner can appeal the Court's decision, the Court must determine whether to issue a Certificate of Appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. When a habeas applicant seeks permission to initiate appellate review of the denial of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner raised the following habeas claims: (i) delay in holding revocation hearing violated due process; (ii) court improperly considered Petitioner's failure to testify in reaching decision that violations occurred; (iii) Petitioner was deprived of due process of law where he was denied the effective assistance of counsel; (iv) revocation court's decision was based upon an unreasonable determination of facts in light of the evidence; (v) insufficient evidence was presented to support the conclusion that violations occurred; (vi) Petitioner was denied due process when Michigan Court of Appeals, on collateral review, denied motion to remand for an evidentiary hearing; and (v) ineffective assistance of appellate counsel.

In his first habeas claim, Petitioner argued that his right to due process was violated by the eight-month delay between the issuance of the revocation warrants and the probation violation hearing. The Due Process Clause places procedural and substantive limits on the revocation of probation. *Black v. Romano*, 471 U.S. 606, 610 (1985). The Supreme Court has outlined a two-step process for preserving the minimum due process requirements for probation revocation: a preliminary hearing and a final hearing. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The preliminary hearing, which must be held "promptly" after a parolee is arrested and detained, is an informal inquiry "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485. The final revocation hearing must be held "within a reasonable time." *Lyons v. Ohio Adult Parole Authority*, No. 96-3489, 1998 WL 124039 (6th Cir. March 12, 1998). To determine whether a delay in holding a hearing is unreasonable, "the court must consider: (1) the length of the delay; (2) the reasons for the delay; (3) the alleged violator's

2

attempts to assert the right; and (4) prejudice to the alleged violator." *Id., citing Barker v. Wingo*, 407 U.S. 514, 530 (1972). Considering the *Barker* factors, including that three months of the delay were attributable to Petitioner and that Petitioner failed to show that he was prejudiced by the delay, the Court held that the delay was not unreasonable and that Petitioner failed to establish a due process violation.

 Second, Petitioner argued that the trial court improperly relied on his silence in reaching a verdict and, consequently, shifted the burden of proof to Petitioner. Proof beyond a reasonable doubt is not required for a probation revocation. *Wright v. Vasbinder*, 2007 WL 127908, *5 (E.D. Mich. Jan. 11, 2007), *citing Sampson v. California*, 547 U.S. 843, 848 (2006). In Michigan, the prosecution bears the burden of establishing a probation violation by a preponderance of the evidence. *See People v. Ison*, 132 Mich. App. 61, 66 (1984). The trial court, in denying Petitioner's motion for relief from judgment, addressed this claim at length. The state court held that the verdict was not based upon Petitioner's decision not to testify. A review of the entire state court transcript shows that the judge was not basing his decision on Petitioner's silence, but was, instead, responding to defense counsel's closing argument wherein defense counsel repeated statements made by Petitioner to defense counsel asserting his innocence. The trial court judge correctly pointed out that such statements were not evidence which could be used to rebut the State's case where Petitioner did not testify. This Court held that the state court's holding that Petitioner violated his probation was based upon the evidence presented, not upon Petitioner's decision not to testify.

 Third, Petitioner argued that his attorney rendered ineffective assistance in the following respects: (i) failing to object to the daily reporting requirement; (ii) failing to request a

continuance or to investigate; and (iii) failing to object to trial court's reliance on Petitioner's silence in rendering a verdict. The trial court, in denying Petitioner's motion for relief from judgment, discussed the ineffective assistance of counsel claims at length and concluded Petitioner failed to satisfy the *Strickland* standard. This Court held that the state court's decision was not contrary to or an unreasonable application of *Strickland*.

Next, Petitioner argued that the court's decision to revoke his probation was based upon an unreasonable determination of the facts in light of the evidence and that sufficient evidence was not presented to sustain the conviction. Petitioner failed to show that any of the factual determinations reached by the state court were unreasonable determinations in light of the evidence presented. The trial rights of a jury and proof beyond a reasonable doubt do not apply to probation revocation proceedings. *See United States v. Knights*, 534 U.S. 112, 120 (2001). In Michigan, the prosecutor bears the burden of establishing a probation violation by a preponderance of the evidence and the rules of evidence, other than those concerning privileges, do not apply. *People v. Ison*, 132 Mich. App. 61, 66 (1984); Mich. Ct. R. 6.445(E)(1). Upon review of the state court record, this Court concluded that the state court's decision was not based upon an unreasonable factual determination in light of the evidence presented in the state court proceedings, nor was the state court's decision contrary to or an unreasonable application of clearly established federal law.

Petitioner next argued that he was denied due process when the Michigan Court of Appeals denied his request to remand his appeal from the denial of his motion for relief from judgment to the trial court for an evidentiary hearing. A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell*, 264

F.3d 663, 681 (6th Cir. 2001).  Therefore, any error by the Michigan courts in the application of Michigan's post-conviction review is an error of state law not be cognizable in federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 406-407 (6th Cir. 2000).

Finally, Petitioner claimed that his appellate attorney was ineffective in failing to raise claims raised in his motion for relief from judgment and his habeas petition. "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).  The claims Petitioner argued his appellate attorney should have raised on appeal were meritless, therefore, counsel was not ineffective in failing to raise these issues on appeal.

The Court concludes that reasonable jurists would not find this Court's disposition of the foregoing claims to be debatable or wrong.  Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 30, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 30, 2009.

s/Carol A. Pinegar
Deputy Clerk